ORIGINAL

FILED

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0536



# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0536

ALEXANDER LAFORGE, III,

    Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

    Respondent.

FILED

OCT 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Alexander LaForge, III, has filed a Petition for Writ of Habeas Corpus along with attachments, arguing that his arrest, on Highway 87, was unlawful because he was "on the Crow [I]ndian Reservation." He contends that he is unlawfully incarcerated due to this arrest by a Big Horn County Deputy Sheriff and then his move to the Yellowstone County Detention Center without an appearance "before a Big Horn County Magistrate or Tribal Court." LaForge asserts that his constitutional rights, including the right to counsel and a timely initial appearance for notice of his rights, have been violated. LaForge requests this Court reverse his deliberate homicide conviction and sentence as well as remand the matter to the Yellowstone County District Court for dismissal.

Available electronic records indicate that the State of Montana charged LaForge with deliberate homicide on June 18, 2020, for shooting a man in Billings, Montana. LaForge appeared in the Yellowstone County District Court for his initial arraignment the next day. On May 23, 2022, the District Court sentenced LaForge to the Montana State Prison for 100 years and imposed a consecutive, ten-year sentence for weapons enhancement. The court imposed a fifty-year parole restriction and awarded credit for time served. LaForge did not appeal his conviction and sentence to this Court.

LaForge is not entitled to reversal of his conviction. LaForge has a facially valid sentence. "The writ of habeas corpus is not available to attack the validity of the conviction of sentence of a person who has been adjudged guilty of an offense in a court of record and

has exhausted the remedy of appeal." LaForge did not appeal, and he cannot raise these issues in a petition for habeas corpus relief. Section 46-22-101(2), MCA. By not appealing, LaForge exhausted his remedy of direct appeal, and state habeas review is not the proper state law remedy for the issues he raises now. According to his attachments, in June 2020, LaForge drove to Hardin in a stolen vehicle from Billings, and the Big Horn County Deputy Sheriff arrested him for driving under the influence of alcohol. The Deputy Yellowstone County Attorney acknowledged that LaForge was given to Billings Police Department upon request and that LaForge should have had a court appearance in Big Horn County before transport to Yellowstone County. This issue, however, is not viable and not remedied by this writ.

LaForge has not demonstrated that he is unlawfully incarcerated. Section 46-22-101(1), MCA. He is not entitled to relief. Accordingly,

IT IS ORDERED that LaForge's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Alexander LaForge, III personally.

DATED this 4th day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2